IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                    RESPONDENT

vs.                                             Criminal No. 6:18-cr-60004
                                                Civil No. 6:20-cv-06035

ASHLEY JENSEN FRAZIER                                                                          MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Ashley Jensen Frazier ("Frazier") who filed a *pro se* Motion Under 28 U.S.C. § 2255 (2008) to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. ECF No. 70. Frazier filed this Motion on August 7, 2019. *Id.* After Frazier filed this Motion, the Court appointed Mr. Bruce Eddy to represent Frazier. ECF No. 72.

Once appointed, Mr. Eddy moved to withdraw this *pro se* 28 U.S.C. § 2255 Motion, and this request was granted. ECF Nos. 74-76. Thereafter, on March 20, 2020, Frazier, through counsel, filed an Amended Motion to Vacate under 28 U.S.C. § 2255. ECF No. 87. This is the Motion currently before the Court.[1] On May 20, 2020, the Government responded to this Motion. ECF No. 90. On May 26, 2020, Frazier filed a reply in support of her 28 U.S.C. § 2255 Motion. ECF No. 91.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. On September 1, 2020, the Court held an evidentiary hearing *via* Zoom on this Motion. ECF Nos. 95, 98. As a part of this hearing, both Frazier and her trial counsel,

---

[1] Also pending is another *pro se* Motion Frazier filed. ECF No. 83. The Court previously ordered the current amended motion would replace that *pro se* Motion. ECF No. 86. Thus, consistent with this report and recommendation, the Court also recommends that Motion (ECF No. 83) be **DENIED.**

1

Morse Gist, testified. ECF No. 98. The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.

1. **Procedural Background[2]**:

On April 17, 2018, Frazier was named in five counts of an eight-count Indictment filed in the Western District of Arkansas. ECF No. 1. Frazier's husband was named in seven of the eight counts in the Indictment. *Id.* Count One charged Frazier as follows:

> Beginning on or about an unknown date, but at least as early as August 1, 2017, and continuing to on or about April 17, 2018, in the Western District of Arkansas, Hot Springs Division, and elsewhere, the defendants, **JASON KELLY FRAZIER AND ASHLEY JENSEN FRAZIER,** and others known and unknown to the Grade Jury, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with others known and unknown to the Grand Jury to distribute a controlled substance, namely, a mixture or substance that contained methamphetamine, a Schedule II controlled substance, in violation of Title 2, United States Code, §§ 841(a)(1), and 846.

ECF No. 1 at 1.

Count Three charged Frazier as follows:

> On or about January 3, 2018, in the Western District of Arkansas, Hot Springs Division, the defendant, **ASHLEY JENSEN FRAZIER,** knowingly and intentionally distributed a controlled substance, namely, a mixture or substance that contained methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, § 841(a)(1).

*Id.* at 2.

Count Four charged Frazier as follows:

> On or about January 5, 2018, in the Western District of Arkansas, Hot Springs Division, the defendants, **JASON KELLY FRAZIER AND ASHLEY JENSEN FRAZIER,** aided and abetted by each other and others known and unknown to the Grand Jury, knowingly and intentionally distributed a controlled substance, namely, a mixture or substance that contained methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, § 841(a)(1) and Title 18, United States Code, § 2.

---

[2] The "Procedural Background" is taken from the docket and the filings in this case.

*Id.* at 2.

Count Five charged Frazier as follows:

On or about January 26, 2018, in the Western District of Arkansas, Hot Springs Division, the defendants, **JASON KELLY FRAZIER AND ASHLEY JENSEN FRAZIER,** aided and abetted by each other and others known and unknown to the Grand Jury, knowingly and intentionally distributed a controlled substance, namely, a mixture or substance that contained methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, § 841(a)(1) and Title 18, United States Code, § 2.

*Id.* at 2.

Count Six charged Frazier as follows:

On or about January 31, 2018, in the Western District of Arkansas, Hot Springs Division, the defendants, **JASON KELLY FRAZIER AND ASHLEY JENSEN FRAZIER,** aided and abetted by each other and others known and unknown to the Grand Jury, knowingly and intentionally distributed a controlled substance, namely, a mixture or substance that contained methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, § 841(a)(1) and Title 18, United States Code, § 2.

*Id.* at 3.

On September 18, 2018, Frazier pled guilty to Count Three of the Indictment. ECF No. 33. Frazier's Plea Agreement was submitted. *Id.* A Presentence Investigation Report ("PSR") was prepared, and a final PSR was filed on January 2, 2019. ECF No. 43. Frazier's trial counsel did not object to the PSR. ECF No. 40. In this PSR, and pursuant to the United States Sentencing Guidelines ("USSG"), Frazier was assigned a base level offense of 26 with a two-point increase for specific offense characteristics (possession of a dangerous weapon), a two-point reduction for acceptance of responsibility, and an additional one-point reduction for acceptance of responsibility for a total offense level of 25. *Id.* ¶¶ 47-56. The PSR included a criminal history calculation of category of I. *Id.* ¶ 102. Considering her history and her offense level, Frazier was assigned a USSG range of 57 to 71 months incarceration. *Id.*

On February 6, 2019, prior to sentencing, Frazier's trial counsel, Mr. Gist, filed a Sentencing Memorandum. ECF No. 52. In this thirteen-page memorandum, Mr. Gist detailed Frazier's emotional problems beginning when she was young and continuing throughout her life. *Id.* As Mr. Gist noted, Frazier was hospitalized in a mental hospital in Hot Springs at the age of 18 where she was diagnosed with bipolar disorder. *Id.* at 5. Despite this hospitalization and her treatment, Frazier's condition deteriorated over the years. Frazier began her serious drug abuse after 2002 when she lost custody of her daughter. *Id.* Ultimately, Frazier met her husband who was the co-defendant in this action. *Id.* at 6. Frazier's husband was involved in not only using drugs but also selling drugs. *Id.* At that time, Frazier began selling drugs with her husband. *Id.*

According to this sentencing memorandum, since February of 2018, Frazier has been incarcerated, she has been off of drugs, and she has been in a stable condition since being prescribed Lexapro and Buspar during her incarceration. *Id.* at 6. Frazier was making an effort to improve her condition and seeks to be a "productive, successful member of society." *Id.* at 52. In this memorandum, Mr. Gist requested Frazier be given "a term of imprisonment of no more than 48 months" considering her specific characteristics and her effort to improve her condition. *Id.*

On April 17, 2019, Frazier appeared before Judge Hickey and was sentenced to 46 months imprisonment with credit for time served in federal custody, 3 years of supervised release, and a $100 special assessment. ECF No. 60. This term of incarceration was well below the USSG range of punishment recommended in the PSR. The judgment was entered on April 17, 2019. ECF No. 61. On August 7, 2019, Frazier filed a *pro se* Motion for Relief under 28 U.S.C. § 2255. ECF No. 70. Thereafter, Frazier's Amended Motion to Vacate was filed, and Frazier alleged two bases for relief. ECF No. 87.

On August 26, 2020, Frazier withdrew one of her claims. ECF No. 94. Thus, the only issue that remains to be addressed is the following: Whether her trial counsel was ineffective for failing to object to the PSR for a lack of a mitigating role reduction in the calculation of her sentencing range under the United States Sentencing Guidelines. ECF No. 87. The Government responded to this Motion on May 20, 2020. ECF No. 90. Frazier replied on May 26, 2020. ECF No. 91.

The Court held a hearing addressing this Motion on September 1, 2020. ECF No. 95. Both Parties have filed proposed findings of fact and conclusions of law. ECF Nos. 101-102. This matter has been fully briefed and is now ripe for consideration.

**2.** **Applicable Law:**

A Section 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**3.** **Discussion**:

In her Section 2255 Motion, Frazier claims she is entitled to relief because her trial counsel was ineffective. ECF No. 87. Specifically, she claims her trial counsel should have objected to the PSR's failure to include a mitigating role reduction. *Id.* Frazier claims "she should have been

eligible for at least a 2-level reduction in her offense level under § 3B1.2(b) because she was at worst a minor participant in the criminal activity." *Id.* Frazier claims her trial counsel's failure to object on this point "fell below an objective standard of reasonableness." *Id.*

As an initial matter, there is no dispute that Fraizer's trial counsel did not object to the PSR. *See* ECF No. 40. The issue is whether his failure to object to the PSR amounts to ineffective assistance of counsel. Upon review of the record, the transcript from the hearing, all the briefing in this matter, and for the reasons outlined below, the Court finds this failure to object to the PSR was not ineffective assistance of counsel.

### A. Ineffective Assistance Standard

The standard for determining whether Frazier's trial counsel was constitutionally deficient is from *Strickland v. Washington.* In order to prevail on a claim for ineffective assistance of counsel, Frazier must show her attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel within the context of Section 2255, a movant faces a heavy burden. *See United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996).

Further, the burden of proving ineffective assistance of counsel is on Fraizer. *See United States v. Chronic,* 466 U.S. 648, 658 (1984). To be entitled to relief, Frazier has the burden of establishing both that (1) her counsel was deficient and that (2) his deficiency caused her to be prejudiced. *See, e.g., Davis v. Norris,* 423 F.3d 868, 877 (8th Cir. 2005).

### B. Sentencing Memorandum v. Objection to PSR

At hearing in this matter, Frazier's trial counsel, Mr. Gist, testified regarding his decision to submit his Sentencing Memorandum to the Court instead of objecting to the PSR. ECF No. 98. As a part of his testimony, Mr. Gist stated he filed his Sentencing Memorandum (ECF No. 51) in

an effort to obtain a variance instead of objecting to the PSR. *Id.* at 28-29. Mr. Gist summarized his reasons for doing so as follows:

> The goal was to obtain a variance, since *Booker Fanfan* and that line of cases came out [I've] had way more success kind of sculpting my argument in terms of a variance, and so that's what I typically do and that's what I did in Ashley's case.
>
> . . .
>
> I pasted together as much as I could [in the Sentencing Memorandum] that would give the Court a more sympathetic view of her [Frazier]. Ashely had a terrible troubled childhood. She had some psychological problems, and then fell into addiction and then would up with her husband, her now husband, who was also a substance abuser, and as it turns out somebody that sold and dealt in methamphetamine.

*Id.* at 27-28. Mr. Gist testified that his method of including all of this information in this memorandum instead of objecting to the PSR does not always work; but, in his experience, he does not think "judges generally grant those reductions [mitigating role reductions] as much as they should."[3] *Id.* at 29. Mr. Gist also testified that while "I considered that [an objection]" such an objection can "heighten the worst aspect of the defendant, Ashley, in this case. And I didn't really want to do that, I wanted to stress more about her distressed upbringing and her psychological illnesses." *Id.* Mr. Gist also considered Frazier's post-*Miranda* admission, her upcoming proffer to the Government, and the totality of her conduct in making the decision not to file an objection and risk highlighting that conduct with a fight over the objection at sentencing. *Id.*

---

[3] Frazier notes in her briefing and in her Proposed Findings of Fact and Conclusions of Law that a 2015 amendment was aimed at having this reduction applied in more cases because this provision has been applied sparingly by district judges. It might be true that after this 2015 Amendment more district judges have granted (or should grant) this reduction. However, the decision of whether or not to apply this reduction or grant an objection if that reduction is not included in the PSR is still a decision for the district judge handling the case, and Mr. Gist was in the best position to make this strategic determination of whether he believed this reduction would be granted or not.

Another factor impacting Mr. Gist's decision was whether Frazier would qualify for this reduction. Based upon the record in this case, including the testimony at the hearing and statements of counsel, there would have been factual dispute at sentencing as to whether Frazier would qualify for the two-level reduction. Under § 3B1.2, Frazier would be entitled to a "mitigating role" reduction based upon the following standards:

> Based on the defendant's role in the offense, decrease the offense level as follows: (a) if the defendant was a minimal participant in any criminal activity, decrease by 4 levels. (b) if the defendant was a minor participant in any criminal activity, decrease by 2 levels. In cases falling between (a) and (b), decrease by 3 levels.

Accordingly, Frazier must qualify as either a "minimal" or "minor" participant to qualify for this reduction.

Frazier claims she was a "minimal" or "minor" participant, but the Government disputes this claim. As a part of her testimony, Frazier stated she was not a partner in her husband's business but was more like an employee. ECF No. 98 at 5. Frazier testified her husband made all of the decisions in the methamphetamine business, and she just assisted. *Id.* at 6-12. During cross-examination, however, Frazier testified that she provided detailed information to the Government involving the drug trade; knew how to weigh the methamphetamine; and had her own rapport (to some extent) with the sources of their supply and other individuals involved in the drug trade. *Id.* at 12-10. Thus, there is a factual dispute as to how involved Frazier was in her husband's business and if she would even qualify for such a reduction. This is precisely the type of information Mr. Gist hoped to avoid highlighting at sentencing by filing the sentencing memorandum rather than raising such an objection.

Accordingly, the Court cannot find Frazier has met her burden of demonstrating her trial counsel's failure to object to the PSR fell below the objective standard for reasonableness such that her trial counsel was constitutionally deficient. Indeed, her trial counsel did not fail to act;

8

instead, he considered the probable efficacy of making an objection to the PSR and made a reasonable strategic decision to advocate for Frazier to receive the lowest sentence possible without raising the issues he believed such an objection would have highlighted. Such a strategy (even if ultimately unsuccessful) is not ineffective assistance of counsel. *Strickland,* 466 U.S. at 699 (recognizing that reasonable trial strategy is not ineffective assistance of counsel).

As a final point, even if she could demonstrate her trial counsel was ineffective, Frazier has not demonstrated she was prejudiced by this failure. There is no basis for finding this objection, if made, would have been granted based upon the facts of the case. Further, Frazier's co-defendant, her husband Jason Kelly Frazier, was sentenced to 96 months or over twice the amount of time Frazier received. Based upon the record and the testimony in this matter, Frazier was more than competently represented by Mr. Gist and received a very favorable sentence considering the guideline range for her offense and the details outlined in the PSR and plea agreement.[4]

**4.      Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 87) be **DENIED** and dismissed with prejudice. The Court further recommends no Certificate of Appealability issue in this matter.

Furthermore, also pending is another *pro se* Motion Frazier filed. ECF No. 83. The Court previously ordered the instant Motion would replace that *pro se* Motion. ECF No. 86. Thus,

---

[4] Because Frazier has not demonstrated her counsel was ineffective, the Court will not address all the facts related to whether or not Frazier can demonstrate prejudice because they are not relevant to the outcome of this Motion. However, I note that according to her Plea Agreement, Frazier admitted to being involved in the drug trade in the Hot Springs area and admitted to selling methamphetamine to a confidential informant on January 3, 2018 in the amount of approximately 15 grams.

consistent with this report and recommendation, the Court also recommends that Motion (ECF No. 83) be **DENIED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court**. *See Thompson v. Nix*, 897 F.2d 356, 357a (8th Cir. 1990).

**DATED** this **1st day of October 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE