IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ASHLEY JENSEN FRAZIER                                                                   DEFENDANT

v.                                          6:18-cr-60004-002

UNITED STATES OF AMERICA                                                                PLAINTIFF

## ORDER

Before the Court is a Report and Recommendation filed on October 1, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 103. Judge Bryant recommends that the Court deny Defendant Ashley Jensen Frazier's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  ECF No. 87. Defendant has filed objections. ECF No. 104. The Court finds the matter ripe for consideration.

## I. BACKGROUND

On April 17, 2018, Defendant was named in five counts of an eight-count indictment filed in the Western District of Arkansas. ECF No. 1. Defendant's husband was named in seven of the eight counts in the indictment. *Id*. On September 18, 2018, Defendant pled guilty to Count Three of the Indictment, and her Plea Agreement was submitted. ECF No. 33. Count Three charged Defendant as follows:

> On or about January 3, 2018, in the Western District of Arkansas, Hot Springs Division, the defendant, ASHLEY JENSEN FRAZIER, knowingly and intentionally distributed a controlled substance, namely, a mixture or substance that contained methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, § 841(a)(1).

ECF No. 1, p. 1.

A Presentence Investigation Report ("PSR") was prepared, and a final version was filed on January 2, 2019. ECF No. 43. Pursuant to the United States Sentencing Guidelines ("USSG"), the PSR calculated Defendant's final total offense level at 25. *Id* at p. 9-10. The PSR assigned Defendant a USSG range of 57 to 71 months incarceration. *Id* at p. 17. Defendant's trial counsel made no objection to the PSR (ECF No. 40) and instead submitted a Sentencing Memorandum in which counsel requested a sentence no greater than 48 months.[1] ECF No. 52, p. 11-12. On April 17, 2019, Defendant was sentenced to 46 months imprisonment with credit for time served in federal custody, 3 years of supervised release, and a $100 special assessment. ECF No. 60.

Defendant filed her first Motion for Relief under 28 U.S.C. § 2255 on August 7, 2019. ECF No. 70. Defendant then filed an Amended Motion to Vacate (ECF No. 87) alleging two bases for relief, before eventually withdrawing one of those claims. ECF No 94. The remaining claim in Defendant's motion asserts that her trial counsel was ineffective for failing to object to the PSR for its lack of a mitigating role reduction for calculating her sentencing range under the USSG. The Government responded to this motion (ECF No. 90), and Defendant replied. ECF No. 91.

Judge Bryant issued the instant Report and Recommendation for Defendant's motion on October 1, 2020. ECF No. 103. Judge Bryant concluded that Defendant's trial counsel was not ineffective for declining to object to the PSR and recommended that Defendant's motion be denied. *Id*, p. 9-10.

In analyzing the decision of trial counsel to submit a sentencing memo instead of an objection to the PSR, Judge Bryant highlighted counsel's experience with sentencing and the usual outcomes, and the unsettled nature of Defendant's role in the criminal scheme relative to other

---

[1] Defendant's counsel highlighted Frazier's history of mental health and addiction issues, and her improvement regarding both issues during her confinement as support for the requested variance of a lower sentence. ECF No. 52, p. 4-7, 12.

defendants. Judge Bryant noted that counsel's testimony indicated that he has achieved more success getting lower sentences by seeking a variance through a sentencing memo than by making objections to PSRs. Judge Bryant also noted that an objection would require a spotlight on Defendant's role in the criminal enterprise and counsel mostly avoided that by highlighting Defendant's sympathetic background in a sentencing memo. Judge Bryant found that this decision fell into the appropriate range of strategic decisions available to counsel in this situation and did not demonstrate inadequate assistance of counsel. For the prejudice prong of the inquiry, Judge Bryant notes that even if the decision to not object to the PSR showed ineffective assistance of counsel, there is not a proper basis for concluding that the objection would have been granted if made. He states that he does not address all facts related to potential prejudice because it was unnecessary due to already determining that counsel was adequate.

    Defendant filed objections to Judge Bryant's Report and Recommendation on October 14, 2020. ECF No. 104. Defendant makes initial objections to Judge Bryant's assertions that there was no basis for finding a mitigating role reduction and that applying the role reduction is left to the sole discretion of the trial court. Defendant relies on these objections to support the larger objection to Judge Bryant's conclusion that she received adequate assistance of counsel during sentencing. Defendant then objects to the conclusion that she has not demonstrated prejudice as a result of any ineffective assistance of counsel. Finally, Defendant objects to Judge Bryant's recommendation that she not receive a Certificate of Appealability for her motion.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of the issues related to Petitioner's specific objections. The Court will separately address the objections related to ineffective counsel, prejudice, and issuance of a Certificate of Appealability.

### a. Ineffective Assistance of Counsel Objections

To prove ineffective assistance of counsel, Defendant must first show that her counsel's performance fell below an objective standard of reasonableness and Defendant was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Court's review of an ineffective assistance claim must be highly deferential, with "a strong presumption that counsel's performance was reasonable." *Love v. United States*, 949 F.3d 406, 409 (8th Cir. 2020). Counsel's performance will be found ineffective only if it falls outside the "wide range of reasonable professional assistance." *See Love v. United States*, 949 F.3d at 410 (quoting *Strickland v. Washington*, 466 U.S. at 689). The performance must be evaluated from counsel's perspective at the time to avoid any distortion of hindsight. *See Love*, 949 F.3d at 410 (citation omitted).

Defendant's initial objection relates to Judge Bryant's assertion that there exists no basis for believing that an objection to the lack of mitigating role reduction in the PSR would have been granted. The Court notes that Defendant competently argues that the facts of the case offer some support for finding Defendant could qualify for the mitigating role reduction and agrees that Judge Bryant's absolute view of the situation was not warranted. However, Defendant has not shown that the facts of the case make her qualification for the mitigating role reduction conclusive. The Government's response to Defendant's motion vigorously contests the assertion that the nature of Defendant's involvement in the criminal endeavor makes the mitigating role reduction applicable. (ECF No. 90, p. 12-16). The government cites to multiple Eighth Circuit decisions to support its

4

analysis of Defendant's worthiness for the reduction. *Id* at 12-16. Defendant correctly points out that more recent amendments in the sentencing guidelines are meant to have the reduction apply more often than the government's cited precedent suggests (ECF No. 103, p. 2-4). However, this only moves a possible objection to the PSR into the realm of uncertainty and does not make it conclusive in any party's favor. This dispute over whether the facts show the reduction sought was suitable for Defendant casts doubt on whether an objection to the PSR, if made, would have been granted. The Court cannot conclude that Defendant was clearly "entitled" to the mitigating role reduction as she claims in her objections. ECF No. 103, p. 6. While Defendant's objection points out an error in Judge Bryant's blunt assessment of the facts, the Court does not find that it ultimately undermines his conclusion.

Defendant's next objection is to any suggestion by Judge Bryant in his Report and Recommendation that applying the mitigation role reduction was left solely to this Court's discretion. The Court finds that the concern behind this objection is not warranted. While Defendant correctly notes that a court must begin with the proper USSG sentencing range when considering a sentence, she is incorrect to worry that Judge Bryant suggested a court can disregard a properly calculated USSG range. In the footnote cited by Defendant, the Court finds that Judge Bryant was simply noting that an objection to the PSR would have to be granted by the trial judge overseeing sentencing, and that the mitigating role reduction would not automatically be applied simply due to counsel making an objection for its application. (ECF No. 103, p.7 n3). Consequently, the Court finds this objection adds no weight to Defendant's arguments against the Report and Recommendation.

Defendant utilized those initial objections to add support for her larger objection to Judge Bryant's conclusion that trial counsel was not ineffective for declining to object to the PSR for its

lack of mitigating role reduction. The Court is not persuaded by Defendant's argument. As determined above, the Court finds that the applicability of the mitigating role reduction in this case is contestable under the facts of the case, and not axiomatic as Defendant seems to imply from her objection. With no mitigating role reduction included in the PSR, counsel could anticipate that any objection for its application would be contested by the Government. Experience also informed Defendant's counsel of how infrequently such an objection is granted. Defendant's arguments in her objections to Judge Bryant's conclusions note how the reduction's scare application led to amendments to the guidelines, which gives more support for counsel's experience-based concerns regarding the objection's likelihood of success. Experience had also shown counsel there is greater chance of success with requests for a variance from the USSG range as opposed to objections to the PSR. Examining the perspective of counsel at the time, the Court finds that the decision to not object to the PSR and instead seek a variance fits comfortably in the range of reasonable professional assistance that cannot be deemed constitutionally inadequate. *See Love* at 409-410. Accordingly, the Court finds that Judge Bryant's conclusion that counsel provided effective assistance is sound.

**b. Prejudice Objection**

A defendant is prejudiced by ineffective counsel if it is determined "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington* at 694.

Defendant objects to Judge Bryant's assertion that even if counsel's failure to object to the PSR's lack of a mitigating role reduction indicated ineffective assistance of counsel, Defendant was not prejudiced by counsel's performance. Due to already endorsing Judge Bryant's conclusion that counsel provided adequate assistance and made no professional error, the Court finds that this

objection is now inconsequential and does not need further analysis. However, the Court does note that Defendant received a sentence of 46 months, which would be the lowest sentence within the USSG range applicable if the mitigating role reduction Defendant claims she deserved had applied. *See* U.S. SENT'G GUIDELINES MANUAL § 5A (U.S. SENT'G COMM'N 2018).

### c. Certificate of Appealability

An appeal may not be taken to a court of appeals for a final order in a proceeding under 28 U.S.C § 2255 unless a judge issues a certificate of appealability. *See* 28 U.S.C § 2253(c)(1)(B). That certificate shall be issued only if applicant has "made a substantial showing of a denial of a constitutional right." *See* 28 U.S.C § 2253(c)(2). Such a showing is one that in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This can be restated as "a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Defendant objects to Judge Bryant's recommendation that no certificate of appealability be granted for the instant motion. Defendant contends she has made a strong argument that she was denied effective assistance of counsel and should be granted the right to appeal a denial of her motion to vacate. The Court disagrees. As established above, Defendant's counsel made a clearly reasonable strategic decision under the circumstances to seek a variance instead of objecting to the PSR. At best, Defendant made a showing that the mitigating role reduction's applicability was debatable if counsel objected to the PSR. It cannot be concluded that reasonable jurists would find the situation unassailably in favor of Defendant's qualification for the mitigating role reduction and therefore counsel's ineffectiveness as self-evident. Accordingly, the Court finds that

Defendant has not met the requirement of a substantial showing of the deprivation of a constitutional right.

### III. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds Defendant's objections insufficient to cause the Court to deviate from Judge Bryant's Report and Recommendation. Accordingly, the Court hereby overrules Defendant's objections and adopts the Report and Recommendation (ECF No. 103) *in toto*. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 87) is hereby **DENIED**. The Court will not issue a certificate of appealability because Defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED**, this 21st day of January, 2021.

　　　　　　　　　　　　　　　　　　　　　/s/ Susan O. Hickey
　　　　　　　　　　　　　　　　　　　　　Susan O. Hickey
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge